Dear Ms. Siddall:
Your request for an Attorney General's Opinion regarding questions which have arisen involving the head of the Ferriday Water Department has been assigned to me for research and reply.
According to the background information provided, Mr. Griggs was employed by the Town of Ferriday as the head of the Water Department until January 10, 2010 as an hourly, rather than salaried, employee. At that time, Mr. Griggs was fired by the Mayor of Ferriday ("Mayor"). The Board of Aldermen for the Town of Ferriday ("Board") reinstated Mr. Griggs as head of the Water Department on March 16, 2010, and he currently holds that position as an hourly employee.
The specific questions you have asked our office to address are, as follows:
1. Are there any circumstances under which the Mayor could fire a department head without the consent of the Board?
2. Did the Board have the authority to rehire Mr. Griggs on March 16, 2010?
3. May the Town of Ferriday pay employee compensation to Mr. Griggs during the period of time of January 10, 2010 until March 16, 2010?
As an initial matter, we note that the Town of Ferriday is a Lawrason Act municipality, subject to the provisions of La.R.S. 33:321 et seq.
Accordingly, the duties, powers and responsibilities of the mayor of a Lawrason Act municipality include the power to appoint and remove municipal employees as described by La.R.S. 33:404(A)(3): *Page 2 
The mayor shall have the following powers, duties and responsibilities:
[. . .]
Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
[Emphasis added].
As the above-cited statute provides, the removal of a department head is specifically described as a power and responsibility of the Mayor, subject to approval by the Board.
Consistent with the above statute, the Ordinance provided to our office relative to Town Employee Policies, [1] provides, in pertinent part:
Section 10. Termination from service
(1) An employee, other than a town official can be dismissed only by the mayor.
(2) A department head can be dismissed only upon recommendation by the mayor and approval by the board of aldermen.
Your first question is whether there are any circumstances under which the Mayor may terminate a department head without the approval of the Board. The unambiguous language of the applicable statute and ordinance both require the approval by the Board before any dismissal of a department head may occur. You have asked whether there are any circumstances in which the Mayor may terminate a department head without the approval of the Board. The phrasing of your question could encompass a broad range of possible circumstances involving the termination of a department head which are not appropriate for our office to hypothetically address. However, the language of La.R.S. 33:404(A)(3) clearly requires approval of the Board before a department head is terminated by the Mayor. As the facts presented indicate that the Mayor fired Mr. *Page 3 
Griggs without seeking approval from the Board, it is the opinion of this office that the termination of Mr. Griggs was not in accordance with La.R.S. 33:404(A)(3) and the Ordinance relating to town policies. As a result, Mr. Griggs remains in the position of head of the Water Department for the Town of Ferriday until he is removed by the Mayor, and the removal is approved by the Board. See La. Atty. Gen. Op. Nos. 95-218 and 03-296.
Your second question asks whether the Board had the authority to rehire Mr. Griggs on March 16, 2010. Pursuant to the clear language of La.R.S. 33:404(A)(3), the Mayor has the authority to hire department heads, subject to approval by the Board. In other words, the decision to hire a department head may not be made unilaterally by the Board.
However, as indicated above, the power to terminate a department head must be approved by the Board. As such approval was not sought by the Mayor or granted by the Board, the termination of Mr. Griggs was not properly accomplished. Since the termination was improper, it never took effect and no further action by the Board (with or without the Mayor's recommendation) was necessary.
Your third question requests our office to address whether Mr. Griggs may be compensated for the time period of January 10, 2010 until March 16, 2010. You have confirmed that Mr. Griggs did not act as the head of the Water Department during this time period, nor did he perform work for the Town of Ferriday during this time period. We have been informed that Mr. Griggs did not contest his removal, as he is entitled to do, and that Mr. Griggs served as an hourly, rather than salaried, employee.
In La. Atty. Gen. Op. No. 97-116, our office addressed an analogous situation as the one presented in this opinion. There was no indication that the Board of Aldermen for the Town of Grand Isle explicitly removed a woman who held the position of Town Treasurer. Although she was not effectively serving in that position for a period of time, as the Board of Aldermen never approved her termination, this office gave the opinion that she remained the Town Treasurer. Although she could reassume her position and duties as Town Treasurer, she could not be compensated for the period of time in which she performed no duties as Town Treasurer.
A similar compensation issue was addressed in La. Atty. Gen. Op. No. 86-652, which concerned payment of wages to employees for forty hours of work when the time cards for such employees did not indicate the employees had actually worked forty hours. Our office stated that payment of wages for work not performed would be a donation of public funds, prohibited by La.Const. Art. VII, § 14, and could also trigger the application of public payroll fraud under La.R.S. 14:138. Therefore, our office concluded "not only is the payment of questioned wages in violation of the Louisiana Constitution, but such *Page 4 
payment is a crime punishable by the payment of a fine or imprisonment." La. Atty. Gen. Op. No. 86-652.[2]
Please also see La. Atty. Gen. Op. No. 01-221, where the Executive Director of the Louisiana Used Motor Vehicle and Parts Commission was wrongly terminated, yet continued to perform duties as Executive Director, working out of his home in an unofficial and uncompensated capacity. After he was reinstated and the Commission voted to provide back pay of his salary and benefits, this office was asked whether such payment was permissible, recognizing there was no requirement to make back payments for the wrongful dismissal. This opinion stated that any voluntary payment of back pay must be considered in light of La.Const. art. VII, § 14, concluding that it was permissible for the Commission to provide back pay as long as the payment is "earned compensation" and the payments were reasonably equivalent to the nature of the services rendered.Id. According to the facts presented in this opinion request, no services were rendered by Mr. Griggs during the period of January 10 through March 16, 2010.
Applying the conclusion and interpretation of La.R.S. 33:404(A)(3) from the above-cited opinions to the issue of this opinion request, Mr. Griggs may reassume his position as head of the Water Department for the Town of Ferriday. However, he may not be compensated for the period of time in which he performed no duties as head of the Water Department.
In conclusion, the clear language of La.R.S. 33:404(A)(3) requires that before a department head may be removed, the board of aldermen must approve such removal. Therefore, since termination of the head of the Water Department for the Town of Ferriday was not approved by the Board of Aldermen, the removal of such individual by the Mayor on January 10, 2010 was without effect. Consistent with La.R.S. 33:404(A)(3), the board of aldermen is without the authority to hire a department head without the recommendation of the mayor. Although the Board is without the authority to hire a department head without a recommendation from the Mayor, when the Board "rehired" Mr. Griggs on March 16, 2010, such action was unnecessary since Mr. Griggs was never properly terminated. Further, as Mr. Griggs did not perform services as the head of the Water Department during the time period of January 10, 2010 through March 16, 2010, it is the opinion of this office that Mr. Griggs is not entitled to payment for such time period. *Page 5 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Such ordinance does not contain a number, and is titled "TOWN OF FERRIDAY; POLICY AND ORDINANCES," and is described as: "AN ORDINANCE TO PROVIDE RELATIVE TO MUNICIPAL EMPLOYMENT; AND TO PROVIDE FOR RELATED MATTERS."
[2] This opinion further noted that the mayor, not the board of aldermen, of a Lawrason Act community has the authority to supervise and direct the day to day operation of all municipal departments and agencies, and such authority includes the ability to determine and establish work schedules. Id.